UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GILBERT PARKER,

                              Plaintiff,

v.

NEW YORK STATE DIVISION OF PAROLE and
NEW YORK STATE ATTORNEY GENERAL'S
OFFICE,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

23-CV-3234 (LDH)

---

LASHANN DEARCY HALL, United States District Judge:

    Gilbert Parker ("Plaintiff"), proceeding pro se, brings the instant action alleging violations of 42 U.S.C. § 1983. (Compl., ECF No. 1.)

    Under 28 U.S.C. § 1391, a civil rights action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    According to Plaintiff's complaint, on January 12, 2003, Plaintiff was arrested for resisting arrest, disorderly conduct, and possessing an open container of beer. (*Id.*) Following this incident, a warrant was issued for Plaintiff's arrest. (*Id.*) On April 21, 2023, Plaintiff was stopped for having an open container of beer. (*Id.*) As a result of the outstanding warrant, Plaintiff was arrested and detained at Bronx Central Booking for five days. (*Id.*) Plaintiff alleges that during this time, he was not afforded a lawyer, bed, shower, or hot meal. (*Id.*) On April 25, 2003, Plaintiff was sentenced to time served, and informed that "there were no holds

1

placed on [him] by the Division of Parole." (*Id.* at 9.) On May 23, 2003, Plaintiff was once again stopped in Manhattan for having an open container of beer, arrested, and detained. (*Id.* at 9.) Plaintiff was held in the Manhattan House of Detention for six days. (*Id.*) Plaintiff also alleges that on June 6, 2003, a preliminary hearing was held with respect to his May 2003 arrest, but he was not permitted to attend. (*Id.*) Plaintiff does not allege that any events giving rise to the instant action occurred in the Eastern District of New York. Rather, Plaintiff alleges that the events occurred in Manhattan and the Bronx. Indeed, Plaintiff seeks to "refile" an action that he litigated in the United States District Court for the Southern District of New York and alleges harm arising out of that proceeding. (ECF No. 1 at 8 ("[P]laintiff refiles his lawsuit (04 CV 3901) based on new evidence"); *see also Parker v. New York State Div. of Parole, et al.*, No. 04-CV-3901-TPG, 2017 WL 3600420 (S.D.N.Y. Aug. 18, 2017) (resolving all open issues and directing judgment against plaintiff), *appeal dismissed,* No. 18-1769, 2018 WL 6536032 (2d Cir. Sept. 26, 2018).) Because the acts or omissions giving rise to Plaintiff's complaint occurred within the Southern District of New York, and relate to his prior litigation in that district, the action is appropriate for transfer pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 1391(b); 1406(a). A decision on Plaintiff's application to proceed *in forma pauperis* is reserved for the transferee court. No summons shall issue from this Court. The Court waives Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay before effectuating transfer.

|  |  |
|---|---|
|  | SO ORDERED. |
| Dated: Brooklyn, New York<br>       November 9, 2023 | /s/ LDH<br>L<span style="font-variant:small-caps">a</span>SHANN D<span style="font-variant:small-caps">e</span>ARCY HALL<br>United States District Judge |